**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KRISTJA J. FALVO, as parent and
next friend of her minor children,
Elizabeth Pletan, Philip Pletan and
Erica Pletan; and on behalf of all
others similarly situated,

     Plaintiff-Appellant,

v.

OWASSO INDEPENDENT SCHOOL
DISTRICT NO. I-011, a/k/a, Owasso
Public Schools; DALE JOHNSON,
individually and in his official
capacity as Superintendent; LYNN
JOHNSON, individually and in her
official capacity as Assistant
Superintendent; RICK THOMAS,
individually and in his official
capacity as Principal; JOHN DOE,
sued as: Does 1 through 50,

     Defendants-Appellees.

No. 99-5130

---

**ON REMAND FROM THE SUPREME COURT**
**OF THE UNITED STATES**
**(S.C. No. 00-1073)**

---

**Appeal from the United States District Court**
**for the N. District of Oklahoma**
**(D.C. No. 98-CV-765-K)**

Wilfred K. Wright, Jr. of Tulsa, Oklahoma, for Appellant.

Karen L. Long of Rosenstein, Fist & Ringold, Tulsa, Oklahoma, (Jerry A. Richardson with her on the brief), for Appellees.

Before **LUCERO, McKAY,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

This case is before the court on remand from the United States Supreme Court. *See Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 122 S. Ct. 934, 941 (2002). In *Falvo v. Owasso Independent School District No. I-011*, 233 F.3d 1203 (10th Cir. 2000), this court considered the legal implications of a grading procedure wherein teachers would have their students grade one another's work assignments and tests and then would have the students call out their own grades to the teacher. *See id.* at 1207. In particular, the plaintiff-appellant asserted that the use of this grading procedure violated both her children's Fourteenth Amendment right to privacy and the Federal Education Rights and Privacy Act ("FERPA"). *See id.* In brief, this court held that the practice of peer grading did not implicate the Fourteenth Amendment right to privacy. *See id.* at 1208-12. We reached the opposite conclusion with regard to the FERPA claim, however, concluding that the grading procedure violated FERPA. *See id.* at 1213-18. We

nevertheless affirmed the district court's grant of summary judgment in favor of the individual defendants as to Falvo's claims for monetary relief on the ground that the individual defendants were entitled to qualified immunity. *See id.* at 1218-19. This court remanded the case to the district court for further proceedings on Falvo's claims for injunctive and monetary damages against the defendant school district and claims for injunctive relief against the individual defendants. *See id.* at 1219-20.

The Supreme Court granted the school district's petition for a writ of *certiorari* to review this court's conclusion that the peer grading procedure violated FERPA. *See Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 533 U.S. 927 (2001). The Court ultimately concluded that the peer grading practice at issue here does not violate FERPA. *See Owasso Indep. Sch. Dist.*, 122 S. Ct. at 940-41. The court remanded the case to this court for further proceedings consistent with its opinion. *See id.* at 941. In response, this court issued an order on March 28, 2002, vacating its prior judgment and reopening the case.

Having reviewed the Supreme Court's recently issued opinion, we conclude as follows. Those portions of our opinion disposing of plaintiff-appellant's Fourteenth Amendment claims are unaffected by the Supreme Court's mandate. Accordingly, this court reinstates Parts II, III.A, and III.B of the panel opinion. *See Falvo*, 233 F.3d at 1207-1210. In light of the Supreme Court's conclusion

that the peer grading at issue in this case does not violate FERPA, we vacate Part III.C.2 of the panel opinion.[1]  *See id.* at 1213-18.  Furthermore, the Supreme Court's conclusion that the actions of the defendants did not violate FERPA obviates the need to discuss the availability of qualified immunity.  *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (holding that federal courts must first address whether a plaintiff has asserted a violation of a constitutional or statutory right before proceeding to question of whether that right is clearly established).  Accordingly, this court vacates Parts III.D and IV of the panel opinion.  *See Falvo*, 233 F.3d at 1218-20.

Because the peer grading practice at issue here does not implicate the Fourteenth Amendment and does not violate FERPA, the district court's grant of

---

[1]This court likewise vacates Part III.C.1 of the panel opinion wherein we discussed whether a violation of FERPA was actionable under 42 U.S.C. § 1983. *See Falvo v. Owasso Indep. Sch. Dist. No. I-011*, 233 F.3d 1203, 1210-13 (10th Cir. 2000).  We reached that question, despite the fact that it had not been raised by the parties, because it was possible that its resolution implicated this court's subject-matter jurisdiction. *See id.* at 1210-11.  The Supreme Court concluded, however, that it could exercise subject-matter jurisdiction over the case without regard to whether FERPA could be enforced under § 1983 because plaintiff-appellant's "federal claim is not so 'completely devoid of merit as not to involve a federal controversy.'" *Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 122 S. Ct. 934, 938 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).  In light of the Court's conclusion in this regard and the procedural posture of this case, we conclude that the more prudent course is to vacate our previous discussion of this question, leaving the question for a later day when it is raised by the parties and its resolution may well be dispositive.

summary judgment in favor of all defendants is hereby **AFFIRMED**.  The

mandate shall issue forthwith.